**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **GEORGE MOKRYTZKY, et al.,** | ) | **CASE NO. 1:08-CV-00754** |
| | ) | |
| **PLAINTIFFS,** | ) | **JUDGE KATHLEEN O'MALLEY** |
| | ) | |
| **v.** | ) | **JUDGE GREG WHITE** |
| | ) | |
| **DIRECT SAFETY COMPANY, et al.,** | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| **DEFENDANTS.** | ) | |

On March 27, 2008, Plaintiffs filed a timely Motion to Remand, which was fully briefed. Judge Kathleen M. O'Malley referred the matter to the undersigned Magistrate Judge for a report and recommendation.

For reasons set forth below, it is recommended that Plaintiff's Motion to Remand be granted.

### I. Procedural Background and Facts

On February 13, 2008, Plaintiffs, George Mokrytzky and Brite Metal Treating, Inc. ("Brite Metal") (jointly referred to as "Plaintiffs") filed a Complaint in Cuyahoga County Court of Common Pleas alleging five violations of the Telephone Consumer Protection Act, ("TCPA") 47 U.S.C. § 227. Specifically, Plaintiffs alleged that they received eight unsolicited fax advertisements that were transmitted by Defendant Direct Safety Co. ("Direct Safety"), in violation of the TCPA.[1]

Direct Safety filed a timely Notice of Removal to this court based on both federal question and diversity jurisdiction as well as The Class Action Fairness Act of 2005. *See* 28 U.S.C. § 1332(d). Mokrytzky is a citizen of the State of Ohio. Brite Metal is an Ohio corporation with its principal place of business in Ohio. Direct Safety is a Delaware corporation with its principal place of business in Wisconsin. Direct Safety contends that the amount in

---

[1]Plaintiffs also include a "John Doe" Defendant in Count Three of their Complaint.

controversy exceeds $75,000.

On March 27, 2008, Plaintiffs filed a Motion to Remand the case to the Cuyahoga County Court of Common Pleas on the basis that there is no subject matter jurisdiction for the United States District Court to hear the case.[2] Plaintiffs also requested the Court to award reasonable attorney fees pursuant to 28 U.S.C. § 1447( C).

On April 14, 2008, Defendant filed its opposition brief arguing that both diversity and federal jurisdiction exists. On April 19, 2008, Plaintiffs filed their reply.

## II. Standard and Law

### A. Removal/Remand

"The district courts of the United States . . . are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546 (2005) (internal quotation marks omitted.) While Plaintiffs originally filed this case in state court, the removal statute, 28 U.S.C. § 1441, "authorizes" Defendants to remove "civil actions from state court to federal court when the action initiated in state court is one that could have been brought, originally, in a federal district court." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 821 (6th Cir. 2006) (*quoting Lincoln Prop. Co. v. Roche*, 546 U.S. 81 (2005)).

In addition to giving federal district courts original jurisdiction over cases arising under federal law, *see* 18 U.S.C. § 1331, Congress "has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. Citizens, to provide a neutral forum for what have come to be known as diversity cases, . . .." *Exxon Mobil*, 545 U.S. 546, 552. *See* 18 U.S.C. § 1332. "To

---

[2]Plaintiffs contend that subject-matter jurisdiction is not properly based on either federal question, diversity or under The Class Action Fairness Act of 2005. The Court will not address jurisdiction under The Class Action Fairness Act as the Plaintiffs did not raise this law in its argument against remand. The Class Action Fairness Act sets out a $5,000,000 jurisdictional threshold, an amount not contemplated in this matter.

ensure that diversity jurisdiction does not flood the federal courts with minor disputes, § 1332(a) requires that the matter in controversy in a diversity case exceed a specified amount, currently $75,000." *Everett* at 821-22. (*quoting Exxon Mobil* at 552).

To satisfy the amount-in-controversy requirement at least one plaintiff's claim must independently meet the amount-in-controversy specification. *See Exxon Mobil* at 559. While a single plaintiff may aggregate the value of his claims against a defendant to meet the amount-in-controversy requirement, even when those claims share nothing in common besides the identity of the parties, the same is not true with respect to multiple plaintiffs. *See Snyder v. Harris*, 394 U.S. 332, 335 (1969). "[F]rom the beginning," the courts have refused to permit "the separate and distinct claims of two or more plaintiffs" to "be aggregated in order to satisfy the jurisdictional amount requirement." *Id*. Only when "two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest" may federal courts rely on the aggregate amount of these claims to satisfy this requirement.[3] *Id.; see also Zahn v. Int'l. Paper Co.*, 414 U.S. 291 (1973), *superseded on other grounds by statute*.

Under 28 U.S.C. § 1447(c), cases originally filed in a state court must be remanded if, at any time before trial, it appears that the federal district court to which they were removed lacks subject matter jurisdiction. *Coyne v. The American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). ("[I]n a removed action, upon determination that a federal court lacks jurisdiction, remand

---

[3]Aggregation is permitted "where there is *not only* a common fund from which the plaintiffs seek relief, but where the plaintiffs *also have a joint interest in that fund*, such that if plaintiffs' rights are not affected by the rights of co-plaintiffs then there can be no aggregation. In other words, the obligation to the plaintiffs must be a joint one." *Everett* at 824 (*quoting Eagle Star Ins. Co. v. Maltes*, 313 F.2d 778, 781 (6th Cir. 1963)(emphasis added and citations omitted); *see also Morrison v. Allstate Indemn. Co.*, 228 F.3d 1255, 1262 (11th Cir. 2000)(noting that "the presence of a 'common and undivided interest' is rather uncommon, existing only when the defendant owes an obligation to the group of plaintiffs *as a group* and not to the individuals severally" (emphasis added)). The typical common fund cases involve "claims to a piece of land, a trust fund, an estate, an insurance policy, a lien, or an item of collateral, which they claim as common owners or in which they share a common interest arising *under a single title or right*." *Everett* at 824 (*quoting Gilman v. BHC Sec*., 104 F.3d 1418, 1424 (emphasis added)).

to state court is mandatory.")  "Generally, because the plaintiff is the 'master of the claim,' a claim specifically less than the federal requirement should preclude removal." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).  Normally, "the sum claimed by the plaintiff[s] controls." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 156 (6th Cir. 1993).

A defendant seeking removal bears the burden of showing that proper subject matter jurisdiction exists.  *Ahearn v. Charter Township of Bloomfiled*, 100 F.3d 451, 453 (6th Cir. 1996). Furthermore, a defendant wishing to remove a case bears the burden of satisfying the amount-in-controversy requirement. *Gafford*, 997 F.2d at 155.  A defendant "must do more than show a mere possibility that the jurisdictional amount is satisfied." *Id*.  The applicable burden for the defendant is to establish that the amount will "more likely than not" be met. *Rogers*, 230 F.3d at 871 (*citing Gafford*, 997 F.2d at 157, 158.)

### B. Law - Telephone Consumer Protection Act

The TCPA, enacted in 1991, prohibits, *inter alia*, the "use [of] any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicitied advertisement" absent certain conditions not present here.  47 U.S.C. § 227(b)(1)(C).  Plaintiffs' action arises under 47 U.S.C. § 227(b)(3), which provides in relevant part:

> (3) Private right of action
>
> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State –

*Id*.  The TCPA entitles plaintiffs to bring a private right of action for damages in the sum of $500 for each separate transmission of an unsolicited fax advertisement, or $1,500 if the fax advertisement was "willfully" transmitted. *Id*.

### III. Analysis

### A. Federal Jurisdiction

"It is well-settled that the states have been given, subject to their consent, exclusive

subject matter jurisdiction over private actions[4] authorized by the TCPA and Congress did not intend to grant jursidiction over TCPA claims in federal district courts." *Axis Financial Group, Inc. v. I Hire, LLC*, 2005 WL 6058555, Case No. 1:05CV1082, * 2 (N.D. Ohio, July 26, 2005). *See Foxhall Realty Law Offices v. Telecommunications Premium Services, LTD*, 156 F.3d 432 (2nd Cir. 1998) (". . . we too reach the somewhat unusual conclusion that state courts have exclusive jurisdiction over a cause of action created by a federal statute, the [TCPA]."); *Murphey v. Lanier*, 204 F.3d 911 (9th Cir. 2000) ("[T]here is no private cause of action in federal court under the TCPA.")   In addition to the *Axis* decision, other courts in this district have reached the same conclusion. *Compoli v. AVT Corp.*, 116 F.Supp.2d 926 (N.D. Ohio 2000); *Dun-Rite Construction v. Amazing Tickets*, *Inc.*, No. 1:03CV2310 (Jan. 16, 2004).  In *Dun-Rite*, the Sixth Circuit reviewed the district court's grant of attorney's fees and stated that defendant had no arguable basis for removal based on federal question jurisdiction given the well-settled law that the state courts have exclusive jurisdiction over private rights of action under the TCPA. *Id.*

Considering the weight of the foregoing authority, the Court concludes that 47 U.S.C. § 227(b)(3) fails to provide a basis for federal question jurisdiction.

### B. Diversity Jurisdiction

Nothwithstanding the settled nature of federal question jurisdiction, the issue of whether courts may exercise diversity jurisdiction over TCPA claims remains in question.

Of the decisions mentioned above ruling on federal question jurisdiction, only *Axis* addresses whether TCPA claims could be heard in federal court pursuant to diversity jurisdiction.  The *Axis* Court found that jurisdiction in private TCPA claims is exclusive to state courts.
*Axis Financial Group, Inc. v. I Hire, LLC*, 2005 WL 6058555, Case No. 1:05CV1082 (N.D. Ohio July 26, 2005).  *See also Consumer Crusade, Inc. v. Farion and Assoc., Inc.*, 379

---

[4]The TCPA confers exclusive federal jurisdiction over actions by state attorneys general. 47 U.S.C. § 227(f)(2).

F.Supp.2d 1132 (D. Colo. 2005).

Plaintiffs request this court reaffirm *Axis* or, in the alternative, find that Direct Safety has not established that the amount of Plaintiffs' claims exceed the jurisdictional threshold for diversity jurisdiction.

Direct Safety argues that removal is proper based on diversity jurisdiction as the Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds $75,000. Furthermore, Direct Safety points out that Plaintiffs rely on case law which has been overturned. In *Axis*, the court relied on the reasoning in *Gottlieb v. Carnival Corp.,* 367 F.Supp.2d 301, 309 (E.D.N.Y. 2005) in determining that there was no federal jurisdiction based on diversity of citizenship in TCPA claims. However, since *Axis* was decided, *Gottlieb* has been directly overruled. In *Gottlieb v. Carnival Corp.*, 436 F.3d 335 (2d Cir. 2006), the Second Circuit held that the TCPA, by its terms, does not divest federal courts of diversity jurisdiction over TCPA private suits. Plaintiffs also rely on another case that was rejected by the Tenth Circuit Appellate Court. – *Consumer Crusade, Inc. v. Farion and Assoc., Inc*., 379 F.Supp.2d 1132 (2005). The Tenth Circuit rejected the *Consumer Crusade* decision holding that federal diversity jurisdiction existed over claims brought under TCPA. *US Fax Law Center, Inc. v. Ihire, Inc.*, 476 F.3d 1112 (10th Cir. 2007)

Furthermore, Direct Safety relies on a recent case from the Southern District of Ohio involving TCPA claims where the Court found diversity jurisdiction to be proper. *See Charvat v. GYN Michigan, Inc*., 531 F.Supp.2d 922, 927-28 (S.D. Ohio 2008). It should be noted, however, after ruling on a partial summary judgment motion, the court, *sua sponte*, remanded the case to state court as the Plaintiffs could no longer meet the amount-in-controversy requirement. *Id.*

In the matter at bar, as the amount-in-controversy requirement is not met, this Court need not consider whether diversity jurisdiction can be exercised in private claims under the TCPA.

Direct Safety has the burden of establishing that it is "more likely than not" that

Plaintiffs' claims, when properly calculated, exceed the amount-in-controversy requirement. In attempting to do so, Direct Safety totals the amount Plaintiffs are seeking through separate counts of the complaint, including the estimated aggregate value of the class action claim,[5] and separately attempts to value the requested injunctive relief. [6]

Direct Safety cannot meet its burden of establishing the jurisdictional amount by totaling duplicative requests for damages. Plaintiffs contend that the Complaint specifically states that the total damages they have requested is $24,000.[7] (See Complaint ¶¶ 50-51.) As Plaintiffs are the "master of the[ir] claim[s]," the sum claimed by them controls. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000); *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 156 (6th Cir. 1993). Nor can Direct Safety meet its burden by aggregating potential damages. The Supreme Court has held that aggregation of claims by two or more plaintiffs is not permitted in order to satisfy the jurisdictional amount requirement. *See Snyder v. Harris*, 394 U.S. 332, 335 (1969); *See also Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 821 (6th Cir.2006)(aggregation was not appropriate as no claim independently met the amount-in-controversy requirement.) At

---

[5]Direct Safety breaks down the alleged damages as follows: Count One - $12,000; Count Two - $12,000; Count Three - either $12,000 or potentially $24,000; Count Four is unclear - minimally $61,500 but potentially more; and Count Five seeks $24,000. Direct Safety states that collectively this amount totals $157,500 at a minium (including collecting from the named "John Doe" defendant.)

[6]Also, the law in this Circuit is unclear on how to compute injunctive damages. The problem is how to calculate the costs of complying with an injunction – whether from the perspective of the monetary value of the relief to the plaintiffs (which will generally be modest) or the monetary value of the relief to the defendant (which may be great in some cases). As the Sixth Circuit recently observed, the question raises a "jurisdictional morass" because "there is a circuit split as to whether a court may determine the amount in controversy from the perspective of either party (the 'either viewpoint rule') or whether a court may only consider the plaintiff's viewpoint." *Everett*, 460 F.3d at 829 (*quoting Olden v. Lafarge Corp.*, 383 F.3d 495, 503 n.2 (6th Cir. 2004).

[7]Plaintiffs explain that the total of Counts One and Two are the sum total included in Count Five. Count Three is alleged against an unnamed Defendant, which is speculative, and Count Four is the class action claim, which is explained *infra*, footnote 2.

7

least one plaintiff's claim must independently meet the amount-in-controversy specification. *Id.* Finally, Direct Safety, in attempting to value the claimed injunctive relief, relies upon mere speculation by stating that ". . . it is difficult to see how over the course of time Direct Safety would not incur over $75,000 worth of injunctive compliance losses." This is nothing more than a conclusory allegation, unsupported by any meaningful financial analysis. *See Everett,* 460 F.3d 828-29*; Federated Mutl. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003); *Bradley v. Kelly Services, Inc*., 2007 WL 812014, Case No. 06-13815, *1 (11th Cir. 2007).

After considering the conclusory and speculative nature of Direct Safety's assertions, the Court cannot rule that the amount in controversy will "more likely than not" meet the $75,000 jurisdictional requirement. Thus, diversity jurisdiction is not proper.

### C. Attorney Fees

Although it is apparent that a fair amount of personal animosity exists between counsel, evidence of which might better be omitted from judicial filings, there was present here an arguable basis for removal. Therefore, it is recommended that attorney fees not be awarded.

### IV. Conclusion

For the foregoing reasons, the Magistrate Judge recommends that Plaintiffs' Motion to Remand be GRANTED and an award of attorney fees to Plaintiffs be DENIED.

s/ Greg White
United States Magistrate Judge

Date: July 1, 2008

### OBJECTIONS

**Any objection to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See United States v. Walters, 638 F.2d 947 (6th Cir. 1981). See also Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).**