UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **GEORGE MOKRYTZKY, et al.** | : | Case No.1:08CV00754 |
| **Plaintiffs,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : | |
| **DIRECT SAFETY COMPANY, et al.** | : | **MEMORANDUM & ORDER** |
| **Defendants.** | : | |

Before the Court is Plaintiffs' partial objection to the July 1, 2008 Report and Recommendation ("R&R") of Magistrate Judge Greg White. In his R&R, Magistrate Judge White recommended that this Court grant the Plaintiffs' motion to remand, but deny Plaintiffs' motion for attorney's fees. The Plaintiffs object only to the portion of the recommendation that counsels against the award of fees. For the following reasons, Plaintiffs' objection is **OVERRULED** and Magistrate Judge White's R&R is **ADOPTED** in its entirety.

As an initial matter, no party objects to the R&R regarding the merits of the underlying motion for remand. The R&R, indeed, correctly suggests that the instant action should be remanded for lack of subject matter jurisdiction. While the defendants initially removed the case from state court on grounds of both federal question and diversity jurisdiction, there was no basis for federal question jurisdiction. (Doc. 10 at 5 (collecting cases).) The plaintiffs did indeed sue under a federal statute, the Telephone Consumer Protection Act ("TCPA"), but that statute compels "the somewhat unusual conclusion that state courts have exclusive jurisdiction over a cause of action created by a federal statute." (*Id.* at 5 (quoting *Foxhall Realty Law Offices v. Telecommunications Premium*

*Services, LTD*, 156 F.3d 432 (2d Cir. 1998).)[1] The R&R focuses on diversity jurisdiction, specifically the amount in controversy requirement, ultimately reaching the proper conclusion that although the Defendants suggested damages in excess of $75,000, "[a]s Plaintiffs are the 'master of their claims,' the sum claimed by [plaintiffs] controls." (Doc. 7 (citations omitted).)[2]

After recommending that this Court remand the instant case, the Magistrate Judge further recommended against the award of attorney's fees. The Plaintiffs objected to this portion of the R&R, but in doing so mischaracterized the Magistrate Judge's reasoning. The Plaintiffs contend that the Magistrate Judge did not recommend attorney's fees because of the personal animosity between counsel in this case. (*See* Doc. 11 at 3.) This is incorrect. The Magistrate Judge merely noted the existence of that animosity - one could not miss it - but that animosity was not the basis for his ruling. Instead, the Magistrate Judge stated clearly that he believed the Defendants had "an arguable basis for removal." (Doc. 10 at 8.) This Court agrees.

The Defendants sought removal on several grounds, including diversity jurisdiction. There is, as the Magistrate Judge noted, some uncertainly on the issue of whether diversity jurisdiction can exist under the TCPA, how one calculates the jurisdictional amount when some claims appear duplicative, and especially how one properly measures the value of injunctive relief. (*See* Doc 10 at 7-8.)[3] For this reason, the Court finds it within the proper zone of its discretion to deny the

---

[1] The Defendants also sought removal on the basis of The Class Action Fairness Act of 2005 ("CAFA"), which clearly does not apply to the instant action. (*See* Doc. 10 at 2 fn.2.)

[2] The R&R also noted that Defendants could not aggregate claims made by different plaintiffs and properly discarded Defendants' conclusory statements regarding the value of injunctive relief. (*See* Doc. 10 at 7-8.)

[3] Like the Magistrate Judge, this Court declines to decide the debatable question of whether diversity jurisdiction exists in TCPA cases.

Plaintiffs' motion for attorney's fees.[4]

For the foregoing reasons, the Court wholly **ADOPTS** Magistrate Judge White's R&R. The Court **GRANTS** Plaintiffs' motion to remand this case and **DENIES** Plaintiffs' motion for attorney's fees.

       **IT IS SO ORDERED.**

                                                   s/Kathleen M. O'Malley
                                                   **KATHLEEN McDONALD O'MALLEY**
                                                   **UNITED STATES DISTRICT JUDGE**

Dated: October 15, 2008

---

[4] The result would be different had the defendants relied exclusively on CAFA and federal question jurisdiction. The Plaintiffs, certainly, cite a case with just such a fact pattern, where fees were awarded. (*See* Doc 11 at 5 (citing *Hirz v. Travelcom Ind. Inc.*, No. 1:07CV1833, 2008 WL 1700438 (N.D. Ohio April 1, 2008).) This, however, is not that case.